**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID NEFTALIN GARCIA LOPEZ, | No. 14-73593 |
| Petitioner, | Agency No. A206-269-439 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 22, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

David Neftalin Garcia Lopez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We lack jurisdiction to review the agency's determination that Garcia Lopez did not demonstrate changed or extraordinary circumstances sufficient to excuse his untimely asylum application because Garcia Lopez failed to challenge that determination before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We also lack jurisdiction to review Garcia Lopez's claim that the agency committed legal error by "mischaracterizing his particular social group, and therefore, failed to make a case specific determination as to whether his particular social group is recognized by Guatemalan society" because Garcia Lopez did not raise this argument before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (the Court lacks jurisdiction to consider unexhausted claims that could have been corrected by the BIA).

Substantial evidence supports the agency's conclusion that Garcia Lopez failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang

members bears no nexus to a protected ground"). Thus, Garcia Lopez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Garcia Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, because we do not consider the additional evidence submitted with Garcia Lopez's reply brief, the government's motion to strike (Docket Entry No. 28) is denied as moot. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the BIA's decision).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**